IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. AP-76,043 & AP-76,044




EX PARTE BYRON DUANE LEAGUE, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. W03-32695-K(A) & W03-32694-K(A) 
 IN THE CRIMINAL DISTRICT COURT NO. 4
FROM DALLAS COUNTY




           Per curiam.
 
O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge of
evading arrest or detention with a motor vehicle, and one charge of aggravated assault of a public
servant pursuant to plea agreements. He was sentenced to two years’ state jail confinement, probated
for three years in the evading arrest case, and received five years’ deferred adjudication in the
aggravated assault case. He later pleaded “true” to violating conditions of his community
supervision, and was sentenced to two years’ state jail for the evading arrest charge, and five years’
imprisonment for the aggravated assault charge, to run concurrently. No appeal was taken.
            Applicant contends that his revocation/ adjudication counsel rendered ineffective assistance
because he failed to advise Applicant of his appellate rights after revocation and adjudication. The
trial court has determined that trial counsel was ineffective in that counsel did not advise Applicant
of his appellate rights, and that such ineffective representation deprived Applicant of his rights to
appeal in these two cases. 
            We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal
of the judgments of conviction in Cause Nos. W03-32695-K(A) and W03-32694-K(A) from the
Criminal District Court No. 4 of Dallas County. Applicant is ordered returned to that time at which
he may give written notices of appeal so that he may then, with the aid of counsel, obtain meaningful
appeals. All time limits shall be calculated as if the sentences had been imposed on the date on
which the mandate of this Court issues. We hold that, should Applicant desire to prosecute appeals,
he must take affirmative steps to file written notices of appeal in the trial court within 30 days after
the mandates of this Court issue.
 
Delivered: November 26, 2008
Do Not Publish